# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| TAWNA CARLSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 23-1243-JWL** |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on an amended motion (Doc. 28) (Pl. Mot.) for approval of an attorney fee pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED, approving a fee in the amount of $46,146.75 pursuant to the Social Security Act.

## I.    Background

Plaintiff filed a Complaint in this court on November 13, 2023, seeking judicial review of a decision of the Commissioner of the Social Security Administration.    (Doc 1).    After the Commissioner filed the administrative record in this case and Plaintiff filed her Social Security Brief, the Commissioner confessed error and filed an unopposed motion to remand.    (Doc. 16).    The court granted the Commissioner's motion and

entered judgment remanding the case for further proceedings.    (Docs. 17, 18).    The

court granted Plaintiff's unopposed motion for attorney fees pursuant to the Equal Access

to Justice Act on June 25, 2024, granting fees in the amount of $9,000.00.    (Doc. 20).

On remand, the Commissioner issued a fully favorable decision, and on October 25, 2025

a "Notice of Award" of benefits to the claimant.    (Pl. Mot., Attach. 1, pp.2-8).[1]    On

May 17, 2026, the Commissioner issued a Notice of Award of child's benefits to Ms.

Carlson's minor children, E.A.C. and L.E.C.    (Pl. Mot., Attach. 1, pp.11-18).    The SSA

withheld a total of $46,346.75 from Plaintiff's past due benefits.    Id., Attach. 1, pp.6, 11,

16.    Plaintiff now seeks award of attorney fees of $46,146.75 pursuant to § 206(b) of the

Social Security Act.    42 U.S.C. § 406(b).

## II.    Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past

due benefits awarded to a beneficiary.    42 U.S.C. § 406(b).    The court has discretion to

approve such a fee.    McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).

However, the court has an affirmative duty to allow only so much of the fee as is

reasonable.    Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at

498; 42 U.S.C. § 406(b)(1)(A).

---

[1] Plaintiff filed five exhibits as Attachment 1 to her Amended motion:    The Notice(s) of Award, Exhibits A-1 to A-3; the Fee Agreement between Plaintiff and counsel, Exhibit B; and the record of time expended before this court by Plaintiff's law firm, Exhibit C. Therefore, the court cites them as Attach. 1, with the specific page number(s) within that attachment as numbered by the court's CM/ECF system.

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between Plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness. <u>Gisbrecht</u>, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. <u>Id.</u> 535 U.S. at 808. The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. <u>Id.</u>

The Tenth Circuit has explained the procedure used in applying <u>Gisbrecht</u>. <u>Gordon v. Astrue</u>, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness

3

fees yielded by those agreements.'"   Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09).

The court noted that the Court provided examples of proper reasons for reducing 406(b)

fee requests:

> (1) when "the character of the representation and the results the
> representative achieved" were substandard; (2) when "the attorney is
> responsible for delay" that causes disability benefits to accrue "during the
> pendency of the case in court"; and (3) when "the benefits are large in
> comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized

by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a

406(b) reasonableness determination—although it merely "assum[ed], without granting,

that the district court had some obligation to" consider those factors.   Id. (citing McGuire

v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required;

contingency of fee; amount involved and result attained; experience, reputation, and

ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district

court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw

450 F.3d 493 at 505, and will reverse only if the district court's decision is 'based on a

clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear

error of judgment,'"   Id., Gordon, 361 F. App'x at 935 (quoting United States v.

McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court has approved 406(b) contingent attorney fees at an hourly rate of

$736.07 resulting in an equivalent hourly rate for non-contingent work of almost

$263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan.

4

October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No. 21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

## III.    Discussion

Here, Plaintiff's attorney requests a fee award of all but $200 of the full 25 percent of Plaintiff's past due benefits, or $46,146.75.   He included a copy of the contingent fee agreement signed by her, in which she agreed to a fee of 25 percent of past due benefits. (Pl. Mot., Attach. 1, pp.20-21).   Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 51.4 hours expended.   Id., Attach. 1, p.23.   An award of the fee requested would result in an hourly rate of $897.80 and an effective hourly rate in a noncontingent case of $320.64.   Counsel argues that the skill,

5

competence, expertise, and experience of him and his firm produced an excellent result in this case and support awarding the fee requested.    (Pl. Mot. 5-7).

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $46,146.75."    (Doc. 29, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings.    Plaintiff has met her burden to prove that award of the fee requested is reasonable in the circumstances present here. The court notes that counsel achieved a good result for Plaintiff in this case especially considering the Commissioner chose to request remand without challenging Plaintiff's brief.    The court recognizes that the contingent nature of the fee justifies a fee award in Social Security cases when the claimant prevails which is higher than normal hourly rates charged by attorneys in other matters in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded.    This is particularly true due to the deferential standard applicable in Social Security cases, Biestek v. Berryhill, 139 S. Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee in this case was $9,000.00 and must be refunded to Plaintiff as the smaller fee.    Plaintiff's counsel seeks to accommodate this requirement by reducing the amount of the fee awarded to counsel by $9,000.00 to

account for the refund of the EAJA fee.   Because Plaintiff's representative in proceedings before the Commissioner was awarded fees of $9,200.00 for that work, netting the 406(b) fee means that none of the past due benefits withheld by the Commissioner will be returned to Plaintiff.   However, even if counsel were required to refund the EAJA fee to Plaintiff, none of the past due benefits would be returned to Plaintiff, and Plaintiff would be responsible to pay counsel $9,000.00 additional to make up the shortfall in the fees withheld by the Commissioner.

The court finds that $46,146.75 is a reasonable fee in the circumstances of this case.   It also approves counsel's request to net the 406(b) fee and the EAJA refund and will only require the Commissioner to provide $37,146.75 to counsel.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $46,146.75 which will be reduced by the $9,000.00 EAJA refunded to Plaintiff, and the Commissioner shall provide Plaintiff's counsel the remaining $37,146.75 past due benefits withheld.

Dated May 27, 2026, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**